UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TWANA MARIE MONETTE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL FINANCE COMPANY, LLC,<br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-01412<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TWANA MARIE MONETTE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CONTINENTAL FINANCE COMPANY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a 49 year-old natural person residing at 120 Corrina Boulevard, Apartment 513, Waukesha, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a limited liability company formed under the laws of Delaware that "is one of America's leading marketers and servicers of credit cards for consumers with less-than perfect credit."[1]  Defendant's headquarters are located at 121 Continental Drive, Suite 108, Newark, Delaware, and it regularly conducts business with consumers in the State of Wisconsin.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. A few years ago, the Internal Revenue Service ("IRS") apprised Plaintiff of the fact that her identity was compromised, as Plaintiff's personal information, including her social security number, was being used by another individual.

10. In approximately August 2017, Plaintiff began receiving calls to her cellular phone, (414) XXX-0580, from Defendant.

---

[1] http://continentalfinance.net/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0580. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant mainly calls Plaintiff's cellular phone using the phone number (888) 288-5843, but upon belief, it has used other phone numbers as well.

13. Upon information and belief, the above number ending in 5843 is regularly utilized by Defendant during its debt collection activity.

14. Upon answering calls from Defendant, Plaintiff experiences a significant pause, lasting several seconds in length, before a live representative begins to speak.

15. Upon speaking with Defendant, Plaintiff is informed that it is seeking to collect upon an outstanding credit card balance.

16. Plaintiff has informed Defendant that her identity was stolen a few years ago and that the debt did not belong to her.

17. Upon Defendant's refusal to understand the situation, Plaintiff demanded that it stop contacting her.

18. Despite Plaintiff's demands, Defendant has continued to persistently call her cellular phone up until the date of the filing of this action.

19. Defendant has also placed multiple calls to Plaintiff's cell phone during the same day, despite being informed that Plaintiff does not owe the debt and that she does not wish to continue receiving its phone calls.

20. Plaintiff has received not less than 22 calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $64.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls. However, the communications have continued.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

27. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

4

29. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The significant pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have hypothetically given was specifically revoked by Plaintiff's demands that it cease contacting her.

32. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TWANA MARIE MONETTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

36. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she notified it that the debt was disputed and to stop calling. Defendant ignored Plaintiff's demands and continued to systematically place at least 22 calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

37. Defendant also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior, especially after being told by Plaintiff that she does not wish to be contacted.

38. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

6

40. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after she told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

41. As pled in paragraphs 20 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including costs associated with purchasing and maintaining an application subscription to quell Defendant's phone calls. As such, Plaintiff is entitled to relief pursuant to §427.105.

42. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff informed Defendant of the fact that her identity was compromised, and upon its refusal to understand the situation, Plaintiff demanded that it stop contacting her. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 22 times in an attempt to collect payment. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission and to ultimately maximize its profits. After Plaintiff told it to stop calling, Defendant had more than enough information to know that it should not continue calling her phone. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TWANA MARIE MONETTE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 16, 2017                                        Respectfully submitted,

s/ Nathan C. Volheim                                           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                          Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin                  Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                                       Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200                               2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148                                        Lombard, Illinois 60148
(630) 575-8181 x113 (phone)                                    (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                       thatz@sulaimanlaw.com