UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TWANA MARIE MONETTE,

        Plaintiff,

  v.                                                                          Case No. 17-cv-1412-pp

CONTINENTAL FINANCE COMPANY, LLC,

        Defendant.

**ORDER DIRECTING THAT BY A DATE CERTAIN, THE PLAINTIFF SHALL FILE SUPPORTING DOCUMENTATION FOR HER MOTION FOR DEFAULT JUDGMENT AGAINST CONTINENTAL FINANCIAL COMPANY, LLC ON A SUM CERTAIN (DKT. NO. 10)**

On October 16, 2017, the plaintiff filed a complaint against Continental Finance Company, alleging violations of the Telephone Consumer Protection Act (TCPA) under 47 U.S.C. §227, *et seq.* and the Wisconsin Consumer Act (WCA) under Wis. Stat. §427, *et seq.* Dkt. No. 1. The plaintiff served the defendant on October 23, 2017. Dkt. No. 8. The defendant did not answer or otherwise respond to the complaint. On November 16, 2017, the plaintiff moved for entry of default and filed an affidavit in support. Dkt. No. 9. The clerk of court entered default the next day. On December 7, 2017, the plaintiff filed a motion for default judgment, along with documentation of costs and fees and the affidavit of Nathan C. Volheim. Dkt. No. 10.

1

**I.    Jurisdiction**

Federal question jurisdiction exists under 28 U.S.C. §1331, because the cause of action arises under Telephone Consumer Protection Act, 47 U.S.C. §227. The court may exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. §1367.

**II.    Facts**

A few years ago, the Internal Revenue Service informed the plaintiff that her identity had been compromised and that her personal information, including her Social Security number, was being used by another individual. Dkt. No. 1 at ¶9. In August 2017, the plaintiff began receiving calls to her cellular phone from the defendant—"one of America's leading marketers and servicers of credit cards for consumers with less-than perfect credit." Id. at ¶10. The defendant primarily called from the number at (888) 288-5843. Id. at ¶12. When answering, the plaintiff experienced a significant pause lasting several seconds before a live person began to speak. Id. at ¶14. The speaker informed the plaintiff that he/she was calling to collect on an outstanding credit card balance. Id. at ¶15. The plaintiff informed the defendant that her identity was stolen and the debt did not belong to her. Id. at ¶16. The defendant refused to stop calling the plaintiff despite the plaintiff's demands. Id. at ¶¶17-18. The plaintiff received at least twenty-two calls after telling the defendant to stop calling. Id. at ¶21. To address the conduct, the plaintiff spent $64 to purchase an application on her phone to stop the telephone calls; despite this effort, the calls continued. Id. at ¶22.

The plaintiff alleges that she has been unfairly and unnecessarily harassed by the defendant, and has suffered concrete harm, "including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone. Id. at ¶24.

### III.  Entry of Default

Rule 55 of the Federal Rules of Civil Procedure requires a two-step process before a court may enter a default judgment. The party first must seek entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). Only after the clerk has entered default may the party move for default judgment. Fed. R. Civ. P. 55(b).

In support of her motion for entry of default, the plaintiff filed the affidavit of counsel averring that Doug Perri, a certified process server for LawServe, LLC, served the summons and complaint on October 19, 2017 on Stacy Smith, administrative assistant for Lamiaa Elfar, the defendant's registered agent. Counsel further stated that defendant is not in the military, an infant or incompetent person. Dkt. No. 9-1. The clerk's office properly

entered default on November 16, 2017.

**IV.**    **Default Judgment Standard**

Once the clerk of court enters default against the defendant, Rule 55(b) provides for the entry of judgment. Rule 55(b)(1) permits entry of judgment by the clerk, on the plaintiff's request, where the claim is for a sum certain. Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) requires an application to the court and permits the court to conduct hearings or make referrals when it needs to conduct an accounting, determine the amount of damages, establish the truth of an allegation by evidence or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

For purposes of determining liability, the court must accept all well-pleaded facts relating to liability as true. J&J Sports Prod. Inc. v. ARH Enter. LLC, 2014 WL 4656118, at *1 (E.D. Wis. Sept. 16, 2014) (citations omitted). The plaintiff, however, still has "the responsibility to prove up damages under Rule 55(b)(2)." Id. The court cannot enter default judgment "without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or details in the affidavits.'" e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "In other words, while a default judgment establishes liability, it 'does not answer whether any particular remedy is appropriate.'"

Campbell v. ECW, Inc., No. 13-C-1066, 2014 WL 3895534, at *1 (E.D. Wis. Aug. 7, 2014).

**V.      Liability**

The plaintiff contends that defendant's calls to her cellular phone through its autodialer system violated the TCPA, which makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice" to any cellular phone for which the party is charged for the call. 47 U.S.C. §227(b)(1)(A)(iii). The TCPA defines an ATDS as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

Based on the significant pause that the plaintiff experienced after answering and the frequency of the calls, the plaintiff alleges that the defendant uses a predictive dialing system to transfer its calls to a live agent once a human voice is detected. Dkt. No. 1 at ¶¶29, 30. She further alleges that she did not consent to the calls and that they were not made for emergency purposes as defined by the TCPA. 47 U.S.C. §227(b)(1)(A)(i). Taking these allegations as true, the court finds that the plaintiff has established a violation of the TCPA.

Similarly, the plaintiff has established a violation of the Wisconsin Consumer Act, which states:

> In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction ... a debt collector may not ... engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer.

Wis. Stat. §427.104(1)(h). Further, the WCA provides that, "in attempting to collect an alleged debt arising from a consumer credit transaction ... a debt collector may not:

> Claim or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

Wis. Stat. §427.104(1)(j).

The plaintiff alleges that the defendant, who was attempting to collect an alleged debt, engaged in harassing conduct by calling her at least twenty-two times after she demanded the calls stop. Dkt. No. 1 at ¶36. The defendant placed several calls to the plaintiff's cellular phone even on the same day. Id. at ¶37. The plaintiff explained to the defendant's agent that her identity had been compromised and she did not own the debt. Id. at ¶¶16, 42. The plaintiff has met her burden under Wisconsin law.

**VI. Damages**

Section 227(b)(3) of the TCPA provides a private right of action for individuals to receive $500 in damages for each violation, plus treble damages if the defendant "willfully or knowingly violated this subsection." The plaintiff seeks such damages, as well as $4,338.62 in reasonable attorney fees and costs under the WCA, Wis. Stat. §425.308(1)-(2).

The plaintiff alleges in the complaint that the defendant placed at least twenty-two telephone calls. In the motion for default judgment, counsel states,

without support, that he can substantiate at least twenty-four telephone calls. Dkt. No. 10 at 2. The court is not in a position to authorize damages without documentation supporting the number of violations. The court will grant the plaintiff leave to file supporting documents (for whatever number of calls she can verify) on or before January 26, 2018.

**VII.   Conclusion**

Based on the facts alleged in the complaint, the court finds that the plaintiff has established violations of the TCPA and WCA. The court **ORDERS** the plaintiff to file documentation on or before January 26, 2018, in support of her request for damages, particularly her assertion that she she received "at least twenty-four" telephone calls from the defendant.

Dated in Milwaukee, Wisconsin this 11th day of January, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**