UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TWANA MARIE MONETTE,

        Plaintiff,

v.                                                           Case No. 17-cv-1412-pp

CONTINENTAL FINANCE COMPANY, LLC,

        Defendant.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10), ENTERING JUDGMENT AND DISMISSING CASE**

---

On January 19, 2018, this court reviewed the plaintiff's motion for default judgment (dkt. no. 10), and ordered the plaintiff to file documentation in support of her request for damages. Dkt. No. 11. Although the plaintiff had established liability under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* and the Wisconsin Consumer Act ("WCA"), Wis. Stat. §427, *et seq.*, the court found that she had not provided the court with documentation that she had, in fact, received twenty-four calls from the defendant. Dkt. No. 11 at 7. The plaintiff since has provided both an affidavit (dkt. no. 12) and a copy of the call history she obtained in connection with the block she put on her phone (dkt. no. 12-1). Based on this evidence, the court will grant the motion for default judgment, and will award damages of $15,388.62.

## I. Default Judgment

Under Federal Rule of Civil Procedure 55, a plaintiff may obtain a default judgment against an opponent who does not "plead or otherwise defend," if the plaintiff shows that failure "by affidavit or otherwise." Fed. R. Civ. P. 55(a). "As a general rule, a 'default judgment establish[es], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc., 687 F.2d 182, 186 (7th Cir. 1982)). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Id.

The plaintiff filed the complaint on October 16, 2017. Dkt. No. 1. The executed summons shows that the plaintiff served the complaint on the defendant's registered agent on October 23, 2017, as well as on an administrative assistant at the defendant's offices. Dkt. No. 8 at 2. The defendant had twenty-one days—until November 13, 2017, or so—to answer or otherwise respond. It did not do so, and on November 15, 2017, the plaintiff requested entry of default. Dkt. No. 9. The clerk entered default the next day.

The court finds, accepting the allegations in the complaint as true, that the plaintiff has demonstrated that the defendant is liable under the TCPA and the WCA.

## II. Damages

A plaintiff who shows violations of the TCPA may obtain statutory damages of $500 per violation. 47 U.S. §227(b)(3)(B). Reasonable costs and attorney fees are available under the WCA. Wis. Stat. §425.308(1)-(2).

The plaintiff filed an affidavit on January 19, 2018, stating that in August 2017, she began receiving phone calls from the defendant to her cellular phone. Dkt. No. 12 at ¶1. She informed the defendant's agent that her identity had been stolen and that the debt did not belong to her. Id. at ¶4. The defendant continued to call until the plaintiff filed the pending case. Id. at ¶6. The plaintiff attached a printout from the Call History Manager application on her cell phone, and represents that the defendant called her at least twenty-two times after she told it to stop calling her cell phone. Id. at ¶¶7-8; 12-1. The twenty-two highlighted calls on Exhibit A were placed by the defendant between September 1, 2017 and October 2, 2017—after the plaintiff first received the call in August and revoked her consent. Dkt. No. 12 at ¶8; 12-1. Although the chart reveals that the plaintiff did not answer some of the calls, violations occur at the time the defendant makes the call using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(A)(iii). The plaintiff explained in her affidavit that, when she *did* answer calls from the defendant, she experienced a significant pause lasting several seconds, before a live representative began to speak. Dkt. No. 12 at ¶2.

The court will award damages under the TCPA in the amount of $11,000 (twenty-two phone calls at $500 per call). 47 U.S. §227(b)(3)(B). Based on the

the affidavit of Nathan C. Volheim and exhibit A to the motion setting forth costs and fees, the court will award $4,338.62 under the WCA, Wis. Stat. §425.308(1)-(2).

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 10.

The court **AWARDS** the plaintiff $11,000 in statutory damages under the TCPA, and $4,338.62 in reasonable attorney fees and costs under the WCA. The court **ORDERS** the entry of judgment in the amount of $15,338.62 in favor of the plaintiff. The court **DISMISSES** this case. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of January, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**